QUAYLE v. STATE.

(Supreme Court, Appellate Division, Third Department. January 8, 1908.)

1. STATES—CLAIMS AGAINST STATE—COURT OF CLAIMS—JURISDICTION—CONSENT OF STATE TO BE SUED.

Under Code Civ. Proc, § 264, giving the Court of Claims jurisdiction to hear and determine certain private claims against the state, a special act is not necessary to give the consent of the state to be sued on a claim of the character described.

2. SAME.

Code Civ. Proc. § 264, provides that the Court of Claims shall have no jurisdiction of a claim submitted by law to any other tribunal or officer for audit or determination. Laws 1897, p. 338, c. 413, § 4, provides that the Comptroller shall "keep, audit, and state all accounts in which the state is interested, and keep accurate and proper books of account showing their condition at all times," and "examine, audit, and liquidate the claims of all persons against the state, where payment thereof out of the treasury is provided by law." *Held*, that a claim for money unpaid upon a contract for work actually performed for the state is excepted from the court's jurisdiction.

Appeal from Trial Term.

Claim of Oliver A. Quayle against the state of New York. From a judgment of the Court of Claims dismissing the claim, claimant appeals. Modified, and, as modified, affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Stevens, Delaney & Widdemer (George H. Stevens, of counsel), for appellant.

William S. Jackson, Atty. Gen., for the State.

SMITH, P. J. The claim dismissed was presented in two counts. The first count contained a claim for a balance remaining unpaid for work for the state under a specific contract. The second contained a claim for damages, consisting in loss of profit resulting from the refusal of the state to perform a contract lawfully made. Both claims were dismissed upon the ground that there had been no special act giving jurisdiction to the Court of Claims to hear them. This question has been passed upon by us heretofore in two cases. Remington v. State, 116 App. Div. 522, 101 N. Y. Supp. 952; Nussbaum v. State (Sup.) 104 N. Y. Supp. 527. This latter case was appealed to the Court of Appeals, and the appeal was there dismissed.

If no other reason existed for the dismissal of the claims, we would be compelled to reverse the judgment, and order a new trial. The Attorney General urges, however, that as to the first claim the judgment must be sustained because under section 264, Code Civ. Proc.,

prescribing the jurisdiction of the Court of Claims, this claim is especially excepted. The fourth sentence of the section provides:

"But the court has no jurisdiction of a claim submitted by law to any other tribunal or officer for audit or determination."

By section 4, c. 413, p. 338, Laws 1897 ("State Finance Law"), it is provided:

"Sub. 2: The Controller is to keep, audit and state all accounts in which the state is interested, and keep accurate and proper books of account, showing their condition at all times."

"Sub. 4: Examine, audit and liquidate the claims of all persons against the state where payment thereof out of the treasury is provided by law."

We can see no answer to the state's contention that the claim contained in the claimant's first count is one of those excepted by the provision of the statute above quoted. It cannot matter whether the claim be required to be audited under a special or general statute. In either case the language of the exception is plain, and in our judgment clearly includes that part of the claimant's claim which is for moneys unpaid upon contract for work actually performed. As to the first claim, therefore, the judgment of dismissal was right. As to the second claim, it should be reversed and a new trial directed.

Judgment modified as per opinion, and, as modified, affirmed.

Judgment modified as per opinion, and, as modified, affirmed, with costs to appellant. All concur.